# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND M. KRUSHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 4:16-CV-1540 |
| | : | |
| DOCTOR GUNNER KOSEK, | : | (Judge Brann) |
| *ET AL.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### AUGUST 7, 2018

**I.  BACKGROUND**

This *pro se* civil rights action was filed by Raymond M. Krushin, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill).  By Memorandum and Order dated October 28, 2016, a second similar action filed by the Plaintiff was consolidated into this matter pursuant to Federal Rule of Civil Procedure 42(a).  Service of the consolidated complaints was thereafter ordered.  Plaintiff then filed an Amended Complaint (Doc. 36), by leave of Court.

Named as Defendants are Correct Care Solutions; the Medical Staff of the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania; the Luzerne County Prison itself; and the following Luzerne County Prison officials:  Doctor

Gunner Kosek, Doctor Diaz; Lieutenant Amien; Warden James Larson; and Captain Kevin Gallagher.

Presently pending is a motion for partial dismissal filed by Defendants Correct Care and Doctor Diaz. *See* Doc. 37. The opposed motion is ripe for consideration.

Correct Care is a private corporation which has been contracted to provide health care for Luzerne County inmates. Plaintiff contends that Correct Care refused to provide him with prescribed physical therapy, orthopedic shoes and inserts; provide him with seizure medication for four (4) days; and follow Doctor Diaz's recommendation that the dressing on Plaintiff's elbow injury be changed twice daily.

According to the Amended Complaint, Correct Care failed to provide Plaintiff with previously prescribed after care plans including physical therapy, orthopedic shoes and inserts. *See* Doc. 36, p. 6, ¶¶ 2 & 4. As a result of that purported non-treatment, Plaintiff fell down a flight of concrete steps at the Luzerne County Prison on February 15, 2015. Krushin allegedly suffered injuries to his back, neck, shoulder, leg, elbow, and foot. He contends that the fall could have been prevented had he been provided with orthopedic shoes, shoe inserts, and a cane by the Defendants. *See id.*, ¶ 8.

Following his accident, Plaintiff was allegedly denied medical care and diagnostic testing for his injuries. It is asserted that Correct Care failed to follow follow Doctor Diaz's recommendation that the dressing to Plaintiff's elbow injury be changed twice daily. As a result of that non-treatment, Krushin developed a severe elbow infection approximately eleven (11) days after his fall. It is alleged that Plaintiff's elbow became swollen, turned red, and he developed a lesion. Krushin was taken to the prison's infirmary where he was provided with treatment. It is further asserted that Krushin was denied anti-seizure medication for a four day period which caused him to suffer two seizures.

With respect to Doctor Diaz, Plaintiff alleged that Diaz repeatedly delayed treatment for his elbow infection which left his elbow deformed. Specifically, Doctor Diaz purportedly ignored Plaintiff's May 3, 2015 assertion that his elbow was developing gangrene. Krushin adds that Doctor Diaz failed to follow recommendations that Plaintiff be provided with physical therapy and other treatment.

On or about September 9, 2015 and again on October 15, 2015, Doctor Diaz purportedly refused Plaintiff's requests to be seen at sick call. It is also alleged that Doctor Diaz's failure to monitor Plaintiff's treatment caused the prisoner's elbow injury to worsen. It is further alleged that beginning on December 17, 2015, Doctor Diaz took away Krushin's previously prescribed pain and nerve

medications and his physical therapy. *See id.* at ¶ 16.

## II. DISCUSSION

The Moving Defendants now seek entry of dismissal on the grounds that Plaintiff's claims of denial of physical therapy, pain medication, and orthopedic shoes were previously litigated and therefore barred by the doctrine of *res judicata*. *See* Doc. 38, p. 4. They further argue that Plaintiff has not alleged personal involvement by Doctor Diaz with respect to the denial of seizure medication. I note that the Moving Defendants concede that Plaintiff has properly pled a claim that there was a failure to adequately treat his elbow infection. *See id.*

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court when ruling on a motion to dismiss under Rule 12(b)(6), must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

In order to demonstrate a plausible right to relief, a plaintiff must present facts that, if true, would show that he or she is entitled to relief. *See* Fed. R. Civ. P. 8(a), *see also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This

provision requires a plaintiff to present "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of his cause of action. *Id*. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. A plaintiff's legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A court considering a motion to dismiss must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). I note that *pro se* pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     *Res Judicata***

The initial argument for dismissal asserts that Plaintiff previously filed a civil rights action before this Court (*Krushin v. Dr. Kosek, et al.,* No. 4:14-CV-2274), which raised similar claims of denial of physical therapy, pain medication, and orthopedic shoes.  Since Plaintiff's earlier action was addressed on its merits and dismissed on February 22, 2016, the two Moving Defendants argue that consideration of Plaintiff's pending claims of denial of physical therapy, pain medication, and orthopedic shoes in this case is barred by *res judicata*.  *See* Doc. 38, p. 5.

The complex doctrine of *res judicata* restricts relitigation of issues.  *Res judicata* requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action."  *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). *Res judicata* precludes a party both from pursuing matters already litigated and from raising claims that have never been litigated, yet should have been advanced in an earlier suit.  *Huck v. Dawson*, 106 F.3d 45 (3d Cir. 1997) (quoting *Julien v. Committee of Bar Examiners*, 923 F. Supp. 707, 716 (D.VI 1996)).

Here, Moving Defendants acknowledge that Plaintiff's prior action in this Court did not name Doctor Diaz or Correct Care as Defendants.  However, they assert that they were incorporated by reference, as the Luzerne County

Correctional Facility infirmary staff was named as a Defendant in the previous action. Moreover, the allegations of denial of physical therapy, pain medication, and orthopedic shoes by Doctor Diaz were specifically considered by the Court in the disposition of Krushin's earlier lawsuit.

Krushin's opposing brief concedes that "some, but not all of the facts in the amended complaint are the same... but the theory for recovery is different." Doc. 39, p. 1. Plaintiff adds that he has some new witnesses and supporting documents. Krushin adds that this action includes two newly discovered Correct Care employees.

The denial of physical therapy, pain medication, and orthopedic shoes claims presently asserted were among the allegations which were raised and dismissed by this Court in Plaintiff's earlier action. The doctrine of *res judicata* applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. *See Rider v. Pennsylvania*, 850 F.2d 982, 989 (3d Cir. 1988). Since the Luzerne County Correctional Facility medical staff was named as a Defendant in the prior action, Correct Care was the entity providing inmate medical care during the period in question. Doctor Diaz was a member of the prison medical staff at that time, and the conduct of Doctor Diaz was specifically addressed. This Court agrees that "there is again identity of parties sufficient to bar relitigation" of the Plaintiff's denial of physical therapy, pain

medication, and orthopedic shoes claims. *Williams v. City of Allentown*, 25 F. Supp.2d 599, 603 (E.D. Pa. 1998)

Accordingly, since there was a final judgment on the merits entered in Plaintiff's prior suit, it appears that the doctrine of *res judicata* precludes further consideration of Plaintiff's pending claims of denial of physical therapy, pain medication, and orthopedic shoes asserted against the Moving Defendants.

## C. Personal Involvement

The Moving Defendants' remaining argument contends that the Amended Complaint fails to allege personal involvement by Doctor Diaz in the claim that there was a four (4) day denial of seizure medication to the Plaintiff. *See* Doc. 38, p. 8. Plaintiff's opposing brief asserts that several nurses and correctional officers told him that it was up to Doctor Diaz to prescribe him seizure medication. Krushin adds that Doctor Diaz told him that he didn't need seizure medication. *See* Doc. 39, p. 2.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Stackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Each named

defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).

A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety. *See Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious

medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1979).

Following a careful reading of the Amended Complaint, I can discern no facts asserted which could support claim that Doctor Diaz had any personal involvement in the purported denial of Plaintiff's seizure medication. Krushin alleges that Correct Care and unidentified members of the Luzerne County Correctional Facility medical staff failed to provide him with his seizure medication for four days (Doc. 36, p. 7, ¶ 15), following which Plaintiff allegedly suffered two seizures. There is no mention of Doctor Diaz with respect to this claim in the Amended Complaint.

However, in the previously consolidated complaint, Plaintiff clearly alleges that Doctor Diaz denied him seizure medication. *See Krushin*, No. 4:16-CV-2140, Doc. 1, p. 9. Moreover, Plaintiff's previously filed, but subsequently rejected, proposed amended complaint (Doc. 22, p. 15, ¶ 5) also alleged that Doctor Diaz was personally involved in the denial of seizure medication.

This Court agrees that since the pending Amended Complaint fails to allege personal involvement by Doctor Diaz in the seizure medication related claim, Doctor Diaz's lack of personal involvement argument is meritorious. However, since this *pro se* Plaintiff on two prior occasions during the course of this litigation

adequately alleged personal involvement by Doctor Diaz in the denial of seizure medication and his pleadings are entitled to liberal treatment under *Haines*, this Court will allow the claim against Doctor Diaz to proceed.

In sum, the motion for partial dismissal will be granted in part. The claims of denial of physical therapy, pain medication, and orthopedic shoes will be dismissed as barred by the doctrine of *res judicata*. The remaining claims against Defendants Doctor Diaz and Correct Care regarding denial of seizure medication and lack of proper treatment for Plaintiff's elbow injury will proceed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
